UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SAMUEL R. DITROLIO | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. NO.: |
| | : | |
| MCDONALD'S CORPORATION | : | |
| | : | Jury Trial Demanded |
| Defendant. | : | |

## COMPLAINT

### PARTIES

1.      Samuel R. DiTrolio ("Plaintiff") is a resident of Kingston, Massachusetts.

2.      Defendant McDonald's Corporation ("Defendant") is a business corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois.

### JURISDICTION AND VENUE

3.      Plaintiff brings this Complaint under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exclusive of costs and interest exceeds $75,000.

4.      Defendant has sufficient minimum contacts with Massachusetts and is subject to the Court's personal jurisdiction.  For example, Defendant has purposefully availed itself of the opportunity to do business in Massachusetts, and this suit relates to Defendant's contacts with Massachusetts, through Defendant's offering and sale of

securities and payments of dividends to Massachusetts residents and operation of

revenue-generating franchise locations within Massachusetts; and through Defendant's

correspondence and communications with Plaintiff's agents concerning these claims

with Defendant's knowledge that Plaintiff is a Massachusetts resident; and through

Plaintiff's and his agents' communications concerning Plaintiff's shares of Defendant's

stock with Defendant's transfer agent and registrar, Computershare, with such

communications directed to and received from Computershare's principal place of

business in Canton, Massachusetts; and through Plaintiff's payment of research fees

concerning such shares of Defendant's stock to Defendant's transfer agent and

registrar, Computershare, in Canton, Massachusetts.

5. Venue in the District of Massachusetts is proper under 28 U.S.C. §

1391(b)(1), as Defendant is a corporation subject to the Court's personal jurisdiction.

Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events

or omissions giving rise to Plaintiff's claims occurred in the District of Massachusetts.

**FACTS**

6. On or about June 5, 1972, Plaintiff for lawful consideration purchased 35

shares of Defendant's common stock at a branch of E.F. Hutton in Sanford, Maine.

7. A common stock certificate representing 35 shares was issued to Plaintiff

in his name and dated June 5, 1972. A copy of the front and back that certificate is

attached hereto as Exhibit 1 and is incorporated herein by reference.

8. Plaintiff has never transferred any of his shares to anyone else.

9. Upon information and belief, Plaintiff's shares have never been escheated

to any state.

2

10.     Since Plaintiff' purchased his original 35 shares, those shares have split on at least the following occasions, in the ratios indicated:

       a.     Two shares for one, on or about June 6, 1972;

       b.     Three shares for two, on or about October 7, 1982;

       c.     Three shares for two, on or about September 25, 1984;

       d.     Three shares for two, on or about June 26, 1986;

       e.     Three shares for two, on or about June 23, 1987;

       f.     Two shares for one, on or about June 19, 1989;

       g.     Two shares for one, on or about June 27, 1994; and

       h.     Two shares for one, on or about March 8, 1999.

11.     Accordingly, Plaintiff's original 35 shares today represent at least 2,835 shares of Defendant's common stock.

12.     On April 6, 2021, Plaintiff through his counsel wrote to Defendant and requested issuance of a certificate in his name representing the additional 2,800 split shares of stock.  On April 28, 2021, Defendant responded in writing that it would not issue such certificate.

13.     On May 7, 2021, Plaintiff through his counsel again wrote to Defendant, demanding issuance of a stock certificate representing the additional 2,800 split shares of stock, as well as recognition of his shareholder rights, including his rights to dividends.  Plaintiff in this letter informed Defendant that its conduct constituted an unfair or deceptive act or practice that is unlawful under Mass. G.L. c. 93A and that Plaintiff would be filing this action and seeking remedies under Mass. G.L. c. 93A, § 9 if

his demands were not met.  A copy of Plaintiff's letter of May 7, 2021 (with exhibits) is attached hereto as Exhibit 2.

14.     On June 4, 2021, Defendant through its counsel responded to Plaintiff's letter of May 7, 2021.  In its response, Defendant improperly refused Plaintiff's demands and declined to tender any offer of settlement under Mass. G.L. c. 93A.  A copy of Defendant's letter of June 4, 2021 is attached hereto as Exhibit 3.

15.     A period of at least 30 days has elapsed between the sending of Plaintiff's letter of May 7, 2021 to Defendant and the filing of this action.

## CAUSES OF ACTION

### COUNT I (DECLARATORY JUDGMENT)

16.     Plaintiff repeats and realleges paragraphs 1 – 15.

17.     There exists an actual and legal controversy between Plaintiff and Defendant concerning the number of shares of Defendant's common stock that Plaintiff owns.

18.     That controversy is ripe for determination.

WHEREFORE Plaintiff prays that the Court enter a declaratory judgment against Defendant declaring that Plaintiff presently owns 2,835 shares of Defendant's common stock.

### COUNT II (ISSUANCE OF STOCK CERTIFICATES UNDER DEL. CODE TIT. 8, § 158)

19.     Plaintiff repeats and realleges paragraphs 1 – 15.

20.     Del. Code tit. 8, § 158 provides:

> The shares of a corporation shall be represented by certificates, provided that the board of directors of the corporation may provide by resolution or

4

resolutions that some or all of any or all classes or series of its stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by, or in the name of, the corporation by any 2 authorized officers of the corporation representing the number of shares registered in certificate form. Any or all the signatures on the certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the corporation with the same effect as if such person were such officer, transfer agent or registrar at the date of issue. A corporation shall not have power to issue a certificate in bearer form.

21.     Plaintiff is a holder of at least 2,835 shares of Defendant's common stock, of which at least 2,800 shares are not presently represented by any issued stock certificate.

22.     As a holder of shares of Defendant's common stock, Plaintiff is entitled to have a certificate signed by, or in the name of, the corporation by any two authorized officers of the corporation representing his number of shares registered in certificate form.

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant and requests that the Court award the following relief:

A.     Ordering Defendant to issue Plaintiff one or more stock certificates signed by or in the name of Defendant by any two authorized officers of the corporation, representing 2,835 shares of Defendant's common stock registered in certificate form; and

B.     Any other relief the Court determines is just and proper.

COUNT III (PAYMENT OF DIVIDENDS)

23.     Plaintiff repeats and realleges paragraphs 1 – 15.

24.     Since 1976, Defendant has declared at least $146,677.48 in dividends on Plaintiff's shares.

25.     Defendant is indebted to Plaintiff to the extent of dividends declared but unpaid.

26.     Plaintiff has demanded payment of said declared dividends, which demand Defendant has improperly refused.

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant and requests that the Court award the following relief:

      A.     An accounting of dividends declared on Plaintiff's shares of common stock;

      B.     Money damages;

      C.     Interest;

      D.     Costs; and

      E.     Any other relief the Court determines is just and proper.

## COUNT IV (MASS. G.L. C. 93A)

27.     Plaintiff repeats and realleges paragraphs 1 – 15.

28.     Defendant's conduct constitutes one or more unfair or deceptive acts or practices declared unlawful by Mass. G.L. c. 93A, § 2.

29.     Plaintiff has suffered injuries for which Defendant is liable under Mass. G.L. c. 93A, § 9.

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant and requests that the Court award the following relief:

      A.     Ordering Defendant to issue Plaintiff one or more stock certificates signed by or in the name of Defendant by any two authorized

6

officers of the corporation, representing 2,835 shares of Defendant's common stock registered in certificate form;

B.   An accounting of dividends declared on Plaintiff's shares of common stock;

C.   An appropriate multiple of money damages;

D.   Interest;

E.   Attorneys' fees;

F.   Costs; and

G.   Any other relief the Court determines is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all of the aforementioned Counts so triable.

Plaintiff
Samuel R. DiTrolio,
By His Attorneys,

/s/ Max Wistow
/s/ Benjamin Ledsham
Max Wistow, Esq. (BBO #555756)
Benjamin Ledsham, Esq. (BBO # 673438)
Wistow, Sheehan & Loveley, PC
61 Weybosset Street
Providence, RI  02903
(401) 831-2700
(401) 272-9752 (fax)
mwistow@wistbar.com
bledsham@wistbar.com

Dated:  June 10, 2021